NOT DESIGNATED FOR PUBLICATION

No. 128,158

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEXTER KILBRIDE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRYSTAL KRIER, judge. Oral argument held April 14, 2026. Opinion filed July 17, 2026. Reversed and remanded with directions.

*Dylan J. Pryor*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett* and *Julie A. Koon*, assistant district attorneys, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before CLINE, P.J., BOLTON FLEMING, J., and JEFFREY GETTLER, District Judge, assigned.


PER CURIAM: A jury convicted Dexter Kilbride of aggravated assault of a law enforcement officer. He raises two issues on appeal. First, he contends the district court erred in denying his *Batson* challenge. Second, he contends the district court erred in refusing to instruct the jury on the lesser included offense of assault of a law enforcement officer. Because we agree that the lesser included instruction should have been given and that the State has not shown the error was harmless, we reverse and remand for a new trial. Our resolution of the instruction issue is dispositive, and we therefore do not reach the *Batson* question.

1

FACTS

*Background Facts*

On May 28, 2023, Sedgwick County resident Frank Blair saw Kilbride wielding a hatchet and repeatedly striking a wooden sign across from Blair's residence. Blair also saw Kilbride walking in the middle of Broadway Street and called 911 because of Kilbride's erratic behavior.

Officer Benjamin Shaefer responded and found Kilbride walking southbound in the middle of the road, holding the hatchet in his right hand and a rope in his left hand. Officer Shaefer followed Kilbride and repeatedly asked him to get out of the roadway. Kilbride did not comply. When Officer Shaefer identified himself as Wichita Police, Kilbride responded, "I know who you are." Kilbride continued walking southbound and shouting unintelligible statements.

Officer Shaefer then drove ahead of Kilbride to attempt to deescalate the situation, exited his patrol vehicle, and approached on foot, ordering Kilbride to drop the hatchet. Kilbride did not drop the hatchet. Instead, he walked toward Officer Shaefer shouting, "'I'm not asking you to do shit,'" and, "'Don't tell me anything.'" Officer Shaefer drew his firearm and told Kilbride he was under arrest for aggravated assault of a law enforcement officer. Kilbride eventually shifted his grip so that he was holding the hatchet by the shoulder rather than the handle, pointing toward Officer Shaefer while continuing to shout. A second officer deployed a taser; Kilbride dropped the hatchet and fell to the ground. Officers took him into custody.

*Jury Trial/Voir Dire*

Kilbride was charged with aggravated assault of a law enforcement officer under K.S.A. 2022 Supp. 21-5412(d)(1), a severity level 6 person felony.

During voir dire, the State exercised a peremptory strike against prospective juror V.T. Kilbride objected under *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). The district court found that the State had articulated a race-neutral reason for the strike and overruled the objection. The jury was empaneled.

At the jury instruction conference, Kilbride requested that the district court instruct the jury on the lesser included offense of assault of a law enforcement officer. The district court denied the request. The jury found Kilbride guilty, and the district court sentenced him to 36 months in prison.

Kilbride timely appeals this decision.

LEGAL ANALYSIS

I. *The district court erred in refusing to instruct the jury on the lesser included offense of assault of a law enforcement officer.*

Kilbride argues that the district court should have given a lesser included offense instruction for assault of a law enforcement officer. The State responds that the assault was committed with a hatchet, which it characterizes as a deadly weapon, and that a lesser included instruction was therefore not factually appropriate.

*Preservation and Standard of Review*

Kilbride asked the district court to give the instruction, and the court denied the request. Because Kilbride made the request below, this issue is preserved on appeal. *State v. Gallegos*, 313 Kan. 262, 267, 485 P.3d 622 (2021) (district court's denial of defendant's request for instruction on voluntary manslaughter properly preserved issue for appellate review).

We follow a multi-step process for reviewing claims of jury instruction error. First, we ask whether the issue is properly before us. Next, we consider whether error occurred. If error is shown, we determine whether reversal is required. *State v. Hollins*, 320 Kan. 240, 242, 564 P.3d 778 (2025). The first two steps are subject to unlimited review. *State v. Williams*, 308 Kan. 1439, 1451, 430 P.3d 448 (2018).

*Legally Appropriate*

Assault of a law enforcement officer is a lesser included offense of aggravated assault of a law enforcement officer. *State v. Collins*, No. 116,651, 2018 WL 1247048, at *13 (Kan. App. 2018) (unpublished opinion). The instruction Kilbride requested was therefore legally appropriate. But even when a lesser included offense instruction is legally appropriate, failure to issue the instruction is erroneous only if the instruction was also factually appropriate. *State v. Becker*, 311 Kan. 176, 183, 459 P.3d 173 (2020).

*Factually Appropriate*

A lesser included offense is factually appropriate when "there is some evidence which would reasonably justify a conviction of some lesser included crime." K.S.A. 22-3414(3). The Kansas Supreme Court has clarified that this standard requires only "'some evidence, viewed in a light most favorable to the defendant, emanating from whatever source and proffered by whichever party, that would reasonably justify the defendant's

4

conviction for that lesser included crime.'" *State v. Lowe*, 317 Kan. 713, 718, 538 P.3d 1094 (2023). "'This duty to instruct applies even if the evidence is weak or inconclusive. Providing lesser included offense instructions allows a jury to consider the full range of possible verdicts supported by the evidence. [Citation omitted.]'" 317 Kan. at 718 (citing *State v. Roberts*, 314 Kan. 835, 852, 503 P.3d 227 [2022]).

Simple assault is "knowingly placing another person in reasonable apprehension of immediate bodily harm." K.S.A. 2022 Supp. 21-5412(a). Aggravated assault as charged here is simple assault committed with a deadly weapon. K.S.A. 2022 Supp. 21-5412(d)(1). The district court instructed the jury that a deadly weapon "is an instrument which, from the manner in which it is used, is calculated or likely to produce death or serious bodily injury." That definition is consistent with longstanding Kansas authority. *Lowe*, 317 Kan. at 719. A subjective analysis is used to determine whether an object constitutes a deadly weapon. Whether an object qualifies turns not on the object itself, but how it is used. The question is whether the user intended for the victim to believe that it could cause death or serious bodily harm and the object was used in a way that communicated that apparent ability. *Collins*, 2018 WL 1247048, at *14 (citing *State v. Graham*, 27 Kan. App. 2d 603, 606-07, 6 P.3d 928 [2000]).

*Lowe* is closely on point. There the defendant was charged with aggravated assault with a deadly weapon after she swerved her vehicle toward a pedestrian in a parking lot. 317 Kan. at 714-15. The only difference between the charged offense and the simple assault was the deadly weapon element. The alleged weapon, a car, was not a deadly weapon per se. 317 Kan. at 719. The Kansas Supreme Court held that whether the vehicle "constituted a deadly weapon under the circumstances was a jury question," that a simple assault instruction was therefore factually appropriate, and that the district court erred in failing to give it. 317 Kan. at 719-20.

The same analysis governs here. The only difference between aggravated assault of a law enforcement officer and the requested lesser included offense is the deadly weapon element. Whether the hatchet, as Kilbride wielded it during the encounter with Officer Shaefer, was "'calculated or likely to produce death or serious bodily injury'" was a question of fact for the jury, just as it was for the car in *Lowe*. 317 Kan. at 719.

The record contains enough evidence to satisfy the lesser included statute's threshold. Officer Shaefer testified that he never saw Kilbride raise the hatchet above shoulder level, draw it back, or swing it. Kilbride held it at his side as he walked and continued to do so as he moved toward Officer Shaefer. When Kilbride adjusted his grip, he turned the hatchet so that he was holding the shoulder and briefly pointed the handle at Officer Shaefer. A reasonable juror could view that gesture as inconsistent with a readiness to strike. Officer Shaefer further explained that a person within a 21-foot range armed with a deadly weapon, such as a knife, increases the likelihood of injury and that Kilbride had stepped within that threshold. Officer Shaefer never reported being struck at or having to evade a swing, and the encounter ended when a second officer deployed a taser. Viewed in the light most favorable to Kilbride, that evidence is sufficient under *Lowe* and *Roberts* to require the requested instruction. The instruction was factually appropriate, and the district court erred in refusing to give it.

*Reversibility*

*Lowe* did not require reversal because the defendant there had not requested the instruction at trial, which triggered the more demanding "clear error" standard. 317 Kan. at 720. Kilbride, by contrast, requested the instruction below. The error is therefore reversible unless there is no probability that giving the instruction would have changed the verdict. *State v. Gentry*, 310 Kan. 715, 728-29, 449 P.3d 429 (2019). We assess that probability "'in light of the entire record.'" *State v. Simmons*, 295 Kan. 171, 178, 283 P.3d

6

212 (2012). The State, as the party that benefited from the error, bears the burden of showing harmlessness. *Gentry*, 310 Kan. at 728-29.

The State has not carried that burden. The jury was given only two options. It could convict Kilbride of aggravated assault of a law enforcement officer, or it could acquit. The evidence that Kilbride placed Officer Shaefer in reasonable apprehension of immediate bodily harm was strong. The evidence that the hatchet, as used, qualified as a deadly weapon was less so. As discussed above, the record contained meaningful indications that Kilbride never wielded the hatchet in an overtly threatening manner, that he largely held at it at his side, and that he ultimately shifted his grip to the shoulder before briefly pointing the handle toward Officer Shaefer. A properly instructed jury could have credited that evidence, found that Kilbride placed Officer Shaefer in reasonable apprehension of immediate bodily harm, and yet declined to find that the hatchet was used as a deadly weapon. Without the lesser included option, jurors with reservations about the deadly weapon element were left with the binary choice of convicting on the greater offense or letting Kilbride go free entirely. That all-or-nothing posture is what the lesser included offense doctrine is designed to prevent. *Roberts*, 314 Kan. at 852.

As Justice Stegall observed in *Lowe*, when a jury is denied a middle option, it is effectively "told the issue was all or nothing," and the defendant is deprived of the "'benefit of the . . . judgment of the community.'" 317 Kan. at 722-23 (Stegall, J., dissenting) (quoting *Lockhart v. McCree*, 476 U.S. 162, 175, 106 S. Ct. 1758, 90 L. Ed. 2d 137 [1986]). The lesser included offense doctrine preserves the jury's role as a buffer between the State and the accused and allows the community to weigh the severity of the conviction to the actual conduct proved. 317 Kan. at 722-23. That function is implicated here. A reasonable juror considering this encounter could conclude that Kilbride's behavior with the hatchet warranted a criminal sanction without rising to the level of a felony aggravated assault on a law enforcement officer. By denying the lesser included

7

instruction, the district court foreclosed that judgment and left the jury no path between a felony conviction and acquittal.

We are not persuaded by the State's contention that the verdict itself shows the error was harmless. A guilty verdict on the only charge submitted to the jury does not establish that the jury would have rejected a lesser included offense had one been available. On the contrary, where the deadly weapon element is genuinely contested and the simple assault elements are essentially conceded, the absence of a middle option weighs against a finding of harmlessness rather than in favor of it. Given the contested nature of the deadly weapon element and the strength of the simple assault evidence, there is a reasonable probability that the omission of the lesser included instruction affected the outcome. The error therefore requires reversal.

## II. Batson *Challenge*

Because we reverse and remand for a new trial on the instruction issue, we need not reach Kilbride's challenge to the district court's denial of his *Batson* challenge. We express no views on the merits of the claim.

### CONCLUSION

The judgment of the district court is reversed, and the case is remanded for a new trial.

Reversed and remanded with directions.